BROWN v. GREENFIELD CONGREGATIONAL SOCIETY et al.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

1. DEDICATION (§ 18*)—ACTS CONSTITUTING—DESCRIPTION IN CONVEYANCE.

The question of dedication of land to public use is one of intention, and it is not an inflexible rule that designating in a deed certain bounding premises as public grounds amounts to a dedication of them.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 33–36; Dec. Dig. § 18.*]

2. DEDICATION (§ 57*)—PURPOSES—PUBLIC COMMONS—USER AND CUSTOM OF TIMES—"PLACE OF PARADE"—"PUBLIC GREEN."

Under the user and custom in Connecticut in 1750, the dedication of ground in a town as a "place of parade" or a "public green" was not inconsistent with the use of a part of it as the site for a meeting house; and where such a practical construction was placed on a dedication by the erection of a church thereon 12 years later, which has been twice rebuilt and enlarged, the building of an addition to the present building will not be enjoined at suit of an adjoining property owner.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 100; Dec. Dig. § 57.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the District of Connecticut; James P. Platt, Judge.

Suit in equity by Alfred S. Brown, executor and trustee, against the Greenfield Congregational Society and others. From an order denying a preliminary injunction, complainant appeals. Affirmed.

For opinion below, see 197 Fed. 238.

The complainant filed a bill against the Greenfield Congregational Society, an ecclesiastical corporation in the town of Fairfield, Conn., and the individual defendants, to restrain them from erecting an addition to the meetinghouse upon the public green or town common in Fairfield in front of the complainant's premises. The bill alleged that the public green had been created and established by the proprietors of the town of Fairfield prior to 1750 and that in that year they conveyed the lots now owned by the complainant to Rev. John Goodsell, bounding them upon the green, described as the "place of parade." The bill further averred, in substance, that the erection of the proposed building was not a use of the public green for the purposes for which it was dedicated and would cause special damage to the complainant.

The cause came up in the District Court upon an application for a preliminary injunction and affidavits were filed showing that the proprietors of Fairfield owned all the lands and that the Goodsell deed was in the terms stated in the bill but did not show any express dedication of the green by the proprietors.[1] The affidavits also showed that in 1762 a church was erected upon the green which stood there until 1845 when it was removed and another building erected which stood until 1853, when it was destroyed by fire and the present church built; the sites of these buildings not being precisely the same. Affidavits were also presented showing the need of the Congregational Society for the proposed addition.

The District Court denied the application for a preliminary injunction and the complainant has appealed to this court.

A. S. Brown, of New York City, and Marsh, Stoddard & Day, of Bridgeport, Conn., for appellant.

E. S. Banks, of Fairfield, Conn., and D. Davenport and W. A. Redden, both of Bridgeport, Conn., for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The most the complainant can claim is that there was an implied dedication of the land in question to public uses by bounding the two parcels conveyed to Rev. John Goodsell by the "place of parade," upon the principle that where the owner of a parcel of land sells a portion of it with reference to a map or plan showing another portion designated as a public square or street, he thereby designates the latter portion to public uses. It may be doubted, however, whether this principle is applicable to this case and whether the reference to the "place of parade" was more than for purposes of description. The question of dedication is one of intention and it is not an inflexible rule that designating in a deed certain bounding premises as public grounds amounts to a dedication of them.

---

[1] The statement in the affidavit of Lacey that the proprietors sequestered and set aside the public green prior to 1750 seems merely to have been his conclusion drawn from the fact that the "place of parade" was referred to in the Goodsell deed.

[2] We will assume, however, that there was a dedication. The words "parade" and "place of parade" are common designations of public squares and greens in New England. Undoubtedly the term "place of parade" means primarily a training ground but practically it is synonymous with "public green." Therefore it must be determined whether at the time of the dedication the use of a portion of this public green as a site for a meeting house was an appropriate public use consistent with the dedication.

"When land is dedicated for a public square without any specific designation of the uses to which it can be put, it will be presumed to have been dedicated for such appropriate uses as would under user and custom be deemed to have been fairly in contemplation at the time of the dedication." 13 Cyc. 448.

We may take judicial notice that in Connecticut in 1750 no more appropriate use of a portion of a public green in a country town could have been found than to build the meeting house upon it. The public green was the customary place for the meeting house. The church was supported by public taxation. Use for church purposes was essentially a public use. And this was the practical construction placed upon the dedication in the time of it. The meeting house was built upon the green and a succeeding meeting house stands there now.[2]

It is thus entirely clear that the erection of the meeting house upon the green was, under user and custom existing at the time of the dedication, an appropriate use. And it necessarily follows that the erection of an addition to the meeting house required by the growth of the church is also an appropriate use. It cannot be said that the proprietors of Fairfield contemplated a use of the green for church purposes but not enough use to permit the church to grow; and this especially in view of the fact that there is nothing to show that the proposed addition will, or that any addition could ever have been expected to, interfere with any other public use of the green.

The order of the District Court is affirmed with costs.

[2] The fact that the first meeting house was not erected until 12 years after the deed to Rev. Mr. Goodsell in no way affects the statement in the text. The members may at all times have intended to build the church on the green but have been delayed by want of funds. Indeed if, as is suggested, Mr. Goodsell were the minister of the Society the deed to him of the lots facing the green would itself indicate an intention to build the church on it.